St. Louis Southwestern Railway Company *v.* Harrison.

Opinion delivered December 20, 1915.

Carriers—injury to passenger—proximate cause.—The failure of the employees of a railroad company to leave the toilet in a freight caboose unlocked, was not the proximate cause of an injury to a passenger, who had gotten off the caboose to answer a call of nature, and who was injured in getting back on to the caboose, after the train was put in motion.

Appeal from Calhoun Circuit Court; *Chas. W. Smith,* Judge; reversed and dismissed.

*Edward A. Haid* and *Gaughan & Sifford,* for appellant.

Conceding the door was locked and this, by the negligence of defendant, it was not the *proximate cause,* or juridical cause of the injury. 91 Ark. 262; 86 *Id.* 289; 87 *Id.* 576; 76 *Id.* 522. But no negligence is shown. Defend-

ant had no notice or knowledge that appellee was off the train, nor of his peril. 54 Ark. 28; 55 *Id.* 428; 76 *Id.* 524; 11 S. W. 326.

*H. S. Powell,* for appellee.

Appellee was a passenger. 82 Ark. 393. The law requires cabooses to be provided with closets. Act No. 418, May 31, 1911. The conduct of plaintiff was that of a reasonably prudent person, and in getting off the train, arising out of the negligence of defendant was within the reasonable contemplation of the trainmen. They were chargeable with notice that the closet was locked, and that a prudent person, desiring relief, would take advantage of the stop. 98 Ark. 413. If the crew knew of the danger, or should have known of it, appellant is liable. 86 S. W. Rep. 778; 87 Ark. 572; 85 *Id.* 503; 95 Ark. 220; 83 Ark. 217; 82 *Id.* 393. The starting of the train without notice was the proximate cause of the injury.

McCULLOCH, C. J. The plaintiff took passage on one of defendant's local freight trains at Pine Bluff to be transported to Clio, another station, and when the train stopped near an intervening station for the puprose of unloading and for ballast, he got off to urinate, the closet in the caboose being locked at the time. The train was moved while he was outside of the caboose, and injured him, and he sues to recover damages.

The facts are set forth in the complaint as follows: "While a passenger on defendant's said train between said stations, and while near the station of Faith, it became necessary for the plaintiff to make use of the toilet, and that when he attempted to enter the apartment in the caboose provided for said purpose, he found the door locked. That no employee of the railway company was present, and after waiting for the conductor, or some other member of the train crew to come to the caboose in order that he might have the door of the toilet opened, he again tried to force the door open, but was unable to do so. Finding that he could not make use of the toilet on said train, and it being necessary that he respond to said call of nature at once, and said train being at a standstill,

he stepped off the train for said purpose, walking up beside the train in the direction it was headed, for a few steps, where he undertook to relieve himself; and while so doing, said defendant negligently, without any notice or warning to the plaintiff, caused the train to move, and while in the exercise of reasonable care in an attempt to board said train, plaintiff's foot was caused to slip on some loose gravel placed along the side of the track, and he fell to the ground, his left hand being caught by the wheels of one of the freight cars in said train, crushing all the fingers off his left hand, resulting in a permanent disability.''

Negligence of the trainmen is alleged in failing to keep the toilet open and in moving the train without notice to the plaintiff. The facts set forth were proved, and the court submitted the issue to a jury, and a verdict in plaintiff's favor was returned.

There is neither allegation nor proof that the trainmen had any notice of the situation of the plaintiff at the time he was injured, or that they had any reason to believe that the plaintiff was situated in any perilous position, unless they are chargeable with notice from the fact that the toilet was kept locked. The right of recovery must therefore depend upon the question whether or not the failure to unlock the door of the toilet so as to give the passenger access to it in case of need can be regarded in law as the proximate cause of plaintiff's injury.

That question has, we think, been decided against plaintiff's right to recover in the case of *Rodgers* v. *Choctaw, Oklahoma & Gulf Rd. Co.,* 76 Ark. 520. There the facts were very similar to those in the present case. Rodgers was forced, by reason of the fact that a closet was not available, to go out on the steps of the platform to attend a call of nature, and while he was there, the train was suddenly moved, and he received personal injuries. The evidence tended to show in that case that the conductor had notice that Rodgers was in a perilous position, and there was a case made for submission to the jury to determine whether or not there was negligence on the part of the trainmen after discovering the perilous situation

of the passenger. In other words, it was a case of discovered peril, but in disposing of the case, we decided that the failure to provide a closet was not the proximate cause of the injury complained of, and that there could be no recovery unless it was shown that the negligent acts of the servants of the railroad company, committed after discovery of the plaintiff's perilous situation, caused his injury. We are still of the opinion that that is a sound proposition, for there is no immediate connection between the failure to provide closets and the injury of a passenger by movement of the train while he is out attending to a call of anture.

Counsel for plaintiff rely upon a decision of the Supreme Court of Texas in *Cruseturner* v. *I. & G. N.Rd. Co.*, 86 S. W. 778, where a passenger was allowed to recover, who had been injured by reason of a train stopping over a bridge, and his necessity for leaving the coach because of the failure to provide a toilet. That decision followed a line of authorities which have no application to the facts of the present case. In fact, that decision has no application here because it is based on an entirely different state of facts. There the caboose was stopped at a dangerous place, and the court held that the trainmen should anticipate the necessity for travelers to debark when the train was stopped. It is unnecessary for us to express any opinion as to the soundness of the doctrine announced in that case, but we reach the conclusion that it has no application here. The facts of this case make it still another degree removed from the original act of negligence in keeping the toilet room locked. There are too many intervening incidents between the original act of negligence and the injury to treat the negligence as the proximate cause of the injury.

The court should not have submitted the case to the jury, as no cause of action is either stated in the complaint or established by the evidence. The judgment is therefore reversed and the cause dismissed.